IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02216-BNB

MAYA RODRIGUEZ,

    Plaintiff,

v.

STATE OF COLORADO,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE FOURTH AMENDED COMPLAINT

    Plaintiff, Maya Rodriguez, initiated this action on August 20, 2012, by filing *pro se* a Complaint (Doc. # 1) purporting to allege a violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2011), and a deprivation of her constitutional rights pursuant to 42 U.S.C. § 1983.  She has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On August 22, 2012, Magistrate Judge Craig B. Shaffer ordered Ms. Rodriguez to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On September 18, 2012, Plaintiff filed an amended complaint, followed by a second amended complaint on September 19, 2012, and a third amended complaint on October 25, 2012.

    On October 30, 2012, the Court dismissed this action without prejudice for Plaintiff's failure to comply with Fed. R. Civ. P. 8.  (Doc. # 10).  Judgment entered the same day.  Plaintiff filed an appeal.  On March 22, 2013, the United States Court of Appeals for the Tenth Circuit reversed and remanded the case to this Court for further

proceedings. *See Rodriguez v. State of Colorado*, No. 12-1494 (10th Cir. March 22, 2013) (unpublished) (Doc. #21). The Tenth Circuit did not determine that the amended pleadings filed by Ms. Rodriguez complied with the pleadings requirements of Fed. R. Civ. P. 8. Rather, the Circuit Court treated this Court's dismissal of the action as a dismissal with prejudice, pursuant to Fed. R. Civ. P. 41(b), based on the Circuit Court's determination that the statute of limitations had run on Plaintiff's claims.[1] *See Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) ("Dismissal under circumstances that defeat altogether a litigant's right to redress grievances in the courts is a severe sanction, applicable only in extreme circumstances and should be used as a weapon of last, rather than first, resort.") (internal citations and quotation marks omitted).

The Court has reviewed the amended pleadings filed by Ms. Rodriguez in this action (Doc. ## 5, 6, and 8) and finds that none of them comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

---

[1] Ms. Rodriguez alleges that the violation of her rights under 42 U.S.C. § 1983 and 29 U.S.C. § 794 occurred some time in 2010. The statute of limitations for 42 U.S.C. § 1983 and 29 U.S.C. § 794 claims brought in Colorado is two years from the time the cause of action accrued. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (two-year statute of limitations applies to 42 U.S.C. § 1983 claims brought in Colorado); *Baker v. Bd. of Regents*, 991 F.2d 631-32 (10th Cir. 1993) (holding statute of limitations for 29 U.S.C. § 794 claim same as statute of limitations for 42 U.S.C. § 1983 claim).

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Rodriguez fails to set forth a short and plain statement of her claims showing that she is entitled to relief. In the amended pleadings, Ms. Rodriguez makes vague and conclusory assertions that a "State of Colorado decision" violated her rights under Section 504 of the Rehabilitation Act and that the State discriminated against her on the basis of her dyslexia. She further alleges, without any factual explanation, that a temporary restraining order was entered against her illegally and that she did not give consent for her blood to be drawn. Plaintiff does not provide sufficient information to inform the Court or the Defendants about the factual bases of the claims. Instead, the amended complaints include several attached form documents, some medical records, and a few state court documents that do nothing to shed light on the claims Ms. Rodriguez is attempting to assert in this action.

In order for Ms. Rodriguez to state a claim in federal court, her complaint "must explain what each defendant did to [her]; when the defendant did it; how the defendant's action harmed [her]; and, what specific legal right the plaintiff believes the defendant

3

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Moreover, neither the Court nor Defendant is required to guess in order to determine the specific factual allegations that support Plaintiff's purported claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ms. Rodriguez will be given a final opportunity to file a fourth amended complaint that complies with the pleading requirements of Rule 8.  It is Ms. Rodriguez' responsibility to present her claims in a manageable format that allows the Court and the Defendant to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Ms. Rodriguez file **within thirty (30) days from the date of this Order** a fourth amended complaint that complies with this Order.  It is

FURTHER ORDERED that Ms. Rodriguez may obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Rodriguez fails to file a fourth amended complaint that complies with this Order within the time allowed, the action will be dismissed without further notice.

DATED April 30, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge