IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02216-LTB

MAYA RODRIGUEZ,

    Plaintiff,

v.

STATE OF COLORADO,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, Maya Rodriguez, initiated this action on August 20, 2012, by filing *pro se* a Complaint [Doc. # 1] purporting to allege a violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2011), and a deprivation of her constitutional rights pursuant to 42 U.S.C. § 1983.  She has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On August 22, 2012, Magistrate Judge Craig B. Shaffer ordered Ms. Rodriguez to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On September 18, 2012, Plaintiff filed an amended complaint, followed by a second amended complaint on September 19, 2012.  On October 25, 2012, Ms. Rodriguez filed a third amended complaint.

    On October 30, 2012, the Court dismissed this action without prejudice for Plaintiff's failure to comply with Fed. R. Civ. P. 8.  [Doc. # 10].  Judgment entered the same day.  Plaintiff filed an appeal.  On March 22, 2013, the United States Court of Appeals for the Tenth Circuit reversed and remanded the case to the district court for

further proceedings. *See Rodriguez v. State of Colorado*, No. 12-1494 (10th Cir. March 22, 2013) (unpublished) [Doc. #21]. The Tenth Circuit did not determine that the amended pleadings filed by Ms. Rodriguez complied with the pleadings requirements of Fed. R. Civ. P. 8. Rather, the Circuit Court treated this Court's dismissal of the action as a dismissal with prejudice, pursuant to Fed. R. Civ. P. 41(b), based on the Circuit Court's determination that the statute of limitations had run on Plaintiff's claims.[1] *Id.* at 3-4. As such, the Tenth Circuit determined that this Court should have considered certain criteria before dismissing the action. *Id.* at 2, 5 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

The Tenth Circuit mandate issued on April 15, 2013, and this case was reinstated on April 26, 2013. [Doc. ## 22, 23]. Magistrate Judge Boyd N. Boland issued an order on April 30, 2013, again advising Ms. Rodriguez that her pleadings filed in this case failed to comport with the requirements of Fed. R. Civ. P. 8. [Doc. # 24]. In the April 30 Order, Magistrate Judge Boland reminded Ms. Rodriguez of the legal standard applicable to her pleadings, cited governing case law, and explained why her pleadings failed to meet that standard. [*Id.* at 2-4]. Magistrate Judge Boland then directed Ms. Rodriguez to file a fourth amended complaint that complied with Rule 8 within thirty (30) days of the April 30 Order. [*Id.* at 4]. The Order further warned Ms. Rodriguez that failure to comply by the court-ordered deadline would result in dismissal

---

[1] Ms. Rodriguez alleges in her pleadings that the violation of her rights under 42 U.S.C. § 1983 and 29 U.S.C. § 794 occurred some time in 2010. The statute of limitations for 42 U.S.C. § 1983 and 29 U.S.C. § 794 claims brought in Colorado is two years from the time the cause of action accrued. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (two-year statute of limitations applies to 42 U.S.C. § 1983 claims brought in Colorado); *Baker v. Bd. of Regents*, 991 F.2d 631-32 (10th Cir. 1993) (holding statute of limitations for 29 U.S.C. § 794 claim same as statute of limitations for 42 U.S.C. § 1983 claim).

of this action without further notice. [*Id.*].

Ms. Rodriguez has now failed to file a fourth amended complaint and she has otherwise failed to communicate with the Court since the Tenth Circuit issued the mandate on April 15, 2013.

Dismissal of an action pursuant to Fed. R. Civ. P. 41(b) is appropriate where the plaintiff fails to comply with court orders and the Federal Rules of Civil Procedure. *See Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to the plaintiff's failure to prosecute).  Here, because the statute of limitations may have run on some of Ms. Rodriguez's claims, a dismissal will necessarily operate as a dismissal with prejudice. *See Rodriguez v. State of Colorado*, No. 12-1494, at 3-4.  As such, the Court must first consider the following criteria before dismissing this action: "'(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Nasious*, 492 F.3d at 1162 (quoting *Ehrenhous v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (other internal quotation marks and citations omitted) (hereinafter the "*Ehrenhaus* factors").

The Court finds under the first *Ehrenhaus* factor that the Defendant has not been prejudiced by Plaintiff's conduct because Defendant has not yet been served in this

case.

Under the second *Ehrenhaus* factor, the efficient administration of justice is disadvantaged by rambling and incomprehensible pleadings, such as those filed by Ms. Rodriguez. *See, e.g.*, *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Moreover, Plaintiff's failure to prosecute her case necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003). Ms. Rodriguez's failure to communicate with the Court after Magistrate Judge Boland issued the April 30 Order evidences a lack of respect for the Court and the judicial process.

Under the third *Ehrenhaus* factor, the Court finds that Ms. Rodriguez is culpable in failing to file a fourth amended complaint in compliance with the April 30 Order, and that her failure to prosecute this case demonstrates wilful conduct.  Furthermore, Magistrate Judge Boland in the April 30 Order gave sufficient notice to Ms. Rodriguez of the requirements of Rule 8 and the factual deficiencies in her pleadings. [*See* # 24, at 2-4].  Plaintiff was also specifically advised that in order to state a claim in federal court, her fourth amended complaint "must explain what each defendant did to [her]; when the defendant did it; how the defendant's action harmed [her]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492  F.3d at 1163.  Moreover, Plaintiff previously failed to comply with an August 22, 2013 Order Directing Plaintiff to File Amended Complaint [Doc. # 4, at 2], which resulted in dismissal of this action. Accordingly, the Court finds that Ms. Rodriguez bears full responsibility for her failure to comply with the April 30, 2013 Order directing her to file a fourth amended complaint. *See id.* (stating that "the more helpful the notice, . . ., the greater the culpability a pro se

litigant bears in noncompliance."). The record does not reveal that anyone other than the Plaintiff is responsible for her non-compliance and failure to prosecute.

Under the fourth *Ehrenhaus* factor, the Court finds that Magistrate Judge Boland warned Ms. Rodriguez expressly that dismissal of the action without further notice would be a likely sanction for noncompliance with the April 30, 2013 Order.

And, finally, the Court finds that a lesser sanction than dismissal is not warranted. The Court is mindful that "'[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n. 7 (10th Cir.1988) (citations omitted)). Ms. Rodriguez has twice failed to comply with court orders directing her to file an amended complaint in compliance with Fed. R. Civ. P. 8. Following the first order, issued on August 22, 2012 [Doc. # 4], she filed non-conforming first, second, and third amended complaints. Plaintiff did not file any pleading in response to the April 30 Order or otherwise communicate with the Court. Plaintiff's wilful disregard for court orders, together with the facts discussed under the second, third, and fourth *Ehrenhaus* factors, support the sanction of dismissal of this civil action. "There is a limit to how many bites even a pro se plaintiff can have at the apple" and a limit to how many chances a court can give a plaintiff to abuse the system. *Fuentes v. Chavez*, No. 08-2162, 314 F. App'x. 143, 145 (10th Cir. Feb. 25, 2009) (unpublished) (affirming dismissal with prejudice of pro se prisoner complaint where, in violation of court orders, plaintiff continued to submit "rambling, and sometimes incomprehensible" pleadings). Moreover, based on Plaintiff's lack of response to the Court's April 30, 2013 Order, it appears that Ms. Rodriguez is no

longer interested in prosecuting her claims and the Court doubts that a monetary sanction would be practical or effective.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the [Third Amended] Complaint [# 8] and this action are DISMISSED, pursuant to *Ehrenhaus v. Reynolds*, for failure to comply with the Court's orders and Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Ms. Rodriguez may file a motion in the Tenth Circuit.

DATED June 12, 2013, at Denver, Colorado.

                            BY THE COURT:

                            s/Lewis T. Babcock
                            LEWIS T. BABCOCK, Senior Judge
                            United States District Court